ANACLETO ALICEA, Plaintiff and Appellant, *v.* SUCN. DE J. SERRALLÉS, Defendant and Appellee.

No. 10096.  Argued April 21, 1950.—Decided May 31, 1950.

*Aníbal Padilla* for appellant.  *Leopoldo Tormes García* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On December 20, 1948 the appellant brought an action for damages in the lower court.  The defendant filed a motion to dismiss on the ground that it failed to state facts sufficient to constitute a cause of action and another motion seeking to strike certain particulars as to damages.  The lower court denied the motion to dismiss and granted, in part, the motion to strike.

Plaintiff amended his complaint by striking the items of damages which the court ordered him to strike; but in the amendment it incorporated by reference the pleadings that, in accordance with the order, should subsist.  The court, relying on *Vargas* v. *Cruz*, 32 P.R.R. 422, dismissed the amended complaint and rendered judgment ordering the dismissal of the suit.

If Rule 10 (*c*) of Civil Procedure did not exist, the action of the court would have been correct in accordance

with the cited decision; but the above mentioned Rule, which provides that "statements in a pleading may be adopted by reference in a different part of the same pleading *or in another pleading* or in any motion" (italics ours), overruled the former case. See 2 Moore's Federal Practice, (2d ed.) Rule 10(c), pp. 2013–14 for the interpretation of this Rule.

The appellant assigns as error the granting, in part, of the motion to strike. The items which were ordered stricken were the following:

"Profits which he failed to receive in his business, due to a mosquito focus in his 'Salón Elegante' ............................ $600. 00
"For depreciation in the value of the property due to the softness of the ground and to the danger of collapse of the foundations.. 1, 500. 00"

Pursuant to Rule 12(f) of Civil Procedure, the striking of all redundant, impertinent, or scandalous matter may be ordered. Explaining the scope of this Rule, Moore says:

"Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party." *Op.* and Vol. *cit.* pp. 2317–2318.

The least that can be said with reference to the items of damages above mentioned is that they are not clearly impertinent to the subject matter in litigation. Consequently, the lower court erred in ordering them stricken.

The remaining error is so manifestly improper that we shall not stop to discuss it.

The judgment will be reversed and the case remanded to the lower court with instructions that a period of five days be granted to the defendant to answer the complaint.